REAVES LAW GROUP
A PROFESSIONAL CORPORATION
2999 North 44th Street, Suite 600
Phoenix, Arizona 85018
Telephone (602) 241-0101
Facsimile (602) 241-0114

David M. Reaves
dreaves@reaves-law.com
State Bar No. 011677

Misty Weniger Weigle
mweigle@reaves-law.com
State Bar No. 027222

Attorneys for David M. Reaves,
Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In Re:<br><br>MALHORTA, NEERA S.,<br><br>Debtor. | Case No.: 2:16-bk-02608-DPC<br><br>Chapter 7<br><br>**TRUSTEE'S OBJECITON TO DEBTOR'S ASSERTED EXEMPTIONS AND NOTICE THEREOF** |

DAVID M. REAVES, Chapter 7 trustee for the above-captioned estate ("Trustee"), pursuant to Bankruptcy Rule 4003(b), hereby objects to those exemptions claimed by the Debtor, as shown on Debtor's Schedule C, of the following property: (i) Pension: Financial Account: Two; Wells Fargo Advisors; #xxxx9289, in the sum of $880,000.00, and #xxxx4900, in the sum of $1,500, totaling $851,000.00, claiming as exempt 100% of the fair market value, up to any applicable statutory limit, pursuant to

A.R.S. §33-1126(B), and 11 U.S.C. §522(b)(3)(C) and 522(a)(4)[1]; (ii) IRA: Retirement; Wells Fargo Advisors, #xxx0007, in the sum of $1,585.04, claiming as exempt 100% of the fair market value, up to any applicable statutory limit, pursuant to A.R.S. §33-1126(B), and 11 U.S.C. §522(b)(3)(C) and 522(a)(4); and (iii) Pension Checking Account, MidFirst Bank, #1161, in the sum of $146,749.58, claiming as exempt 100% of the fair market value, up to any applicable statutory limit, pursuant to A.R.S. §33-1126(B), and 11 U.S.C. §522(b)(3)(C) and 522(a)(4).

The Debtor claims that her interest in the Pension Plans are exempt under A.R.S. §33-1126(B) and 11 U.S.C. §522(b)(3)(C) and 522(a)(4). With regard to the state law exemption for ERISA qualified pension plans relied upon by the Debtor, the state statute has been preempted by the comprehensive legislation enacted by Congress in 2005 at §522(b)(3)(C). *In re Hamlin*, 465 B.R. 863, 879 (9th Cir. BAP 2012); *In re Orr*, 2008 WL 244168 (Bankr. C.D. Cal. 2008); *In re Braulick*, 360 B.R. 327 (Bankr. D. Mont. 2006); *see also*, *In re Reed*, 951 F.2d 1046 (9th Cir. 1991). With regard to the federal statute, the existence of "prohibited transactions" in the Pension Plan cause the asserted exemption to fail. *See, e.g.*, *In re Daniels*, 736 F.3d 70 (1st Cir. 2013); *In re Bennett*, 2013 WL 4716180 (Bankr.D.Or. 2013). Upon information and belief, prior to the filing of the petition herein, the Debtor and/or her ex-husband have engaged in numerous prohibited transactions disqualifying the Plan, including but not limited to: impermissible life insurance policy transactions, loans in excess of Plan limits, failure to document loans and loan agreements, contributions and/or loan repayments in excess of the allowed amounts, disqualified persons participating in the Plan, violations of owner/participant rules, and improper distributions, among other things.

---

[1] Trustee notes that 11 U.S.C. §522(a)(4) does not exist, and objects to any attempt to assert an exemption under a non-existent statute. Trustee assumes that the Debtor intended to refer to Section 522(b)(4).

Trustee further notes that the Debtor claims to own household furniture valued at $100.00, appliances of $100.00, and audio-video/televisions valued at $200.00, which items are claimed exempt pursuant to A.R.S. §33-1123. While Trustee does not object to these exemptions up to the values stated by the Debtor in her schedules, Trustee does believe that the Debtor's household furniture is worth far more than the approximate value of $400.00 estimated by the Debtor, and to the extent necessary, Trustee does object to these stated values.

Lastly, Trustee is informed that the Debtor resides in an approximately 6,500 to 7,000 sq. ft. house in Paradise Valley, Arizona that was being marketed just prior to her 341 Meeting at approximately $1.9 million, located at 4402 E. Valley Vista Lane, Paradise Valley (the "Residence"). The Debtor's Schedule A/B filed herein, at item 1, wherein any legal or equitable interest in real property held by the Debtor is to be disclosed, does not list this Residence or the Debtor's interest in the Residence. Trustee understands from the Debtor and Debtor's counsel that the Debtor transferred her interest in the Residence to what is known as a "Qualified Personal Residence Trust" in approximately 2000. The Debtor's Schedule A/B, at item 53, states only that "Client's [sic] has a Term of Years in QPRT created years ago and currently in litigation." Trustee understands that the Debtor's position is that the Residence is not property of this bankruptcy estate, as the Residence is held by the QPRT. While Debtor has not asserted any exemptions relating to this Residence and/or the QPRT, Trustee notes for the record that Trustee does not agree that the Residence is not property of this estate, objects to any assertion that the Residence is not property of the estate, and objections to any exemptions that may be asserted in the Residence and/or the QPRT.

Notice is given that the exemptions will be denied as recommended by the Trustee on or before 21 days from service unless the Debtor receives from the Trustee a

withdrawal of the objections OR the Debtor files and serves a response to the objections with the Clerk of the Court, located at 230 North First Avenue, Suite 101, Phoenix, Arizona 85003, and mails a copy thereof to the Reaves Law Group, as Trustee's counsel, at the address above. If the Debtor timely files and serves a response to the objections, the Trustee will request a hearing from the Court. If no response and hearing is requested, an Order may be entered without further hearing.

Dated this 17th day of May, 2016.

REAVES LAW GROUP

By: /s/ David M. Reaves
    David M. Reaves
    Misty W. Weigle
    Counsel for Chapter 7 trustee

COPY of the foregoing MAILED
this 17th day of May, 2016, to:

Neera S. Malhorta
4402 East Valley Vista Lane
Paradise Valley, Arizona 85253
Debtor

Lawrence D. Hirsch
Parker Schwartz, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Attorney for Debtors

Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003

/s/ Kathleen Arnold