**NUSSBAUM GILLIS & DINNER, P.C.**
14850 N. SCOTTSDALE ROAD, SUITE 450
SCOTTSDALE, AZ 85254
TELEPHONE (480) 609-0011

Randy Nussbaum, #6417
rnussbaum@ngdlaw.com
Dean M. Dinner, #10216
ddinner@ngdlaw.com

*Attorneys for Catherine A. Creighton and Grant Creighton & Grant, PLC*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: <br><br> NEERA S. MALHOTRA, <br><br><br> Debtor. | In Proceedings Under Chapter 7 <br><br> Case No. 2:16-BK-02608-DPC <br><br> **OBJECTION TO CLAIMED EXEMPTIONS AND NOTICE** |

Catherine A. Creighton and Grant Creighton & Grant, PLC (collectively, "Creighton"), creditors and parties in interest in the above captioned case, hereby object to Debtor's claimed exemptions for household goods, pensions, IRAs, and pension checking accounts. Creighton's objection is more fully set forth in and is supported by the following Memorandum of Points and Authorities.

Dated May 18, 2016.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1.  On March 16, 2016 the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.

2.  David Reaves ("Trustee") is the duly qualified and acting Chapter 7 Trustee of Debtor's Chapter 7 bankruptcy of estate.

3. On March 31, 2016, Debtor filed her Schedule of Assets and Liabilities with this Court. On Schedule C, Debtor claims exemptions in certain household goods, Pension accounts and IRAs as set forth below[1]:

| Property | Current Value of Portion You Own | Amount of the exemption you claim |
|---|---|---|
| Furniture | $100 | $100 |
| Pension: Financial Account: Two Wells Fargo Advisors #XXXX9289 - $880,000 #xxxx4900-$1,500 Line from Schedule A/B: 21.1 | $881,500.00 | 100% |
| Pension: Financial Account: Two Wells Fargo Advisors #Xxxx9289 -$880,000 #Xxxx4900-$1,500 Line from Schedule A/B: 21.1 | $881,500.00 | 100% |
| IRA: Retirement: Wells Fargo Advisors #xxxx0007 Line from Schedule A/B: 21.2 | $1,585.04 | 100% |
| IRA: Retirement: Wells Fargo Advisors #xxxx0007 Line from Schedule A/B: 21.2 | $1585.04 | 100% |
| Pension checking Account MidFirst Bank #1161 Line from Schedule A/B21.3 | $146,749.58 | 100% |
| Pension checking Account MidFirst Bank #1161 Line from Schedule A/B: 21.3 | $146,749.58 | 100% |

4. Debtor lives in an approximately 6,500 to 7,000 sq. ft. house in Paradise Valley, Arizona that was being marketed just prior to her 341 Meeting at approximately $1.9 million[2]. Nonetheless, in her schedules she claims that the furniture in the house is worth only $100. In

---

[1] The Pensions and IRAs referenced by the Debtor in her Schedule C are collectively referred to hereafter as the "Plans".

[2] Debtor asserts that she is living in the house pursuant to a life estate granted through a QPRT trust that she doesn't pay any rent or mortgage upon.

light of the value of the house, Creighton has concerns that the replacement value of the furnishings has been understated.

5. The Debtor claims that her interest in the Pension Plans are exempt under A.R.S. §33-1126(B) and 11 U.S.C. §522(b)(3)(C)and 522(a)(4). With regard to the state law exemption for ERISA qualified pension plans relied upon by the debtor, the state statute has been preempted by the comprehensive legislation enacted by Congress in 2005 at §522(b)(3)(C). *In re Hamlin*, 465 B.R. 863, 879 (9th Cir. BAP 2012); *In re Orr*, 2008 WL 244168 (Bankr. C.D. Cal. 2008); *In re Braulick*, 360 B.R. 327 (Bankr. D. Mont. 2006); see also, *In re Reed*, 951 F.2d 1046 (9th Cir. 1991). With regard to the federal statute, the existence of "prohibited transactions" in the Pension Plan cause the asserted exemption to fail. See, e.g., In re Daniels, 736 F.3d 70 (1 Cir. St 2013); In re Bennett, 2013 WL 4716180 (Bankr.D.Or.). In this case, the Debtor has engaged in numerous prohibited transactions disqualifying the Plans. Among the disqualifying factors are the following:

    a. Impermissible life insurance policy transactions;

    b. Loan(s) in excess of the $50,000 limit;

    c. Failure to document the loan(s) or loan agreement(s);

    d. Contribution/loan repayment in excess of allowed amounts;

    e. Disqualified persons participating in the Plans;

    f. Violation of owner/participant rules

"The prohibited transactions section is intended to prevent people with a close relationship to a plan (disqualified persons) from using the relationship to the detriment of plan beneficiaries."

*O'Malley v. CIR,* 972 F.2d 150, 153 (7 Cir. 1992). This prohibition is broadly construed. *Id*. See also, *Wood v. CIR*, 955 F.2d 908, 911 (4th Cir. 1992). Upon information and belief the Debtor was aware of all of these issues. This intentional violation of the Pension Plan is also a prohibited transaction. IRC §4975(c)(1)(D) and (E).

6. Debtor's assertion that these Plans are exempt pursuant to 11 USC 522(a)(4) is not supportable as there isn't a section 522(a)(4).

3

7. Creighton joins in the Objection to Exemptions filed by the Trustee at docket entry #35.

8. Notice is given that the exemptions will be denied as recommended by the Trustee on or before 21 days from service unless the Debtor files and serves a response to the objections with the Clerk of the Court, located at 230 North First Avenue, Suite 101, Phoenix, Arizona 85003, and mails a copy thereof to the Creighton's counsel, at the address above. If the Debtor timely files and serves a response to the objections, the Creighton will request a hearing from the Court. If no response and hearing is requested, an Order may be entered without further hearing.

WHEREFORE, Creighton prays for the entry of an order denying the foregoing exemptions and ordering the Debtor to turn over the non-exempt assets to the Trustee.

DATED this 18th day of May 2016.

**NUSSBAUM GILLIS & DINNER, P.C.**

By */s/ Dean M. Dinner*
    Randy Nussbaum
    Dean M. Dinner
    Attorneys for Catherine A. Creighton and
    Grant Creighton & Grant, PLC

**COPY** of the foregoing mailed
this 18th day of May 2016, to:

Office of the U.S. Trustee
230 N. 1st Avenue, Suite 204
Phoenix, AZ 85003

David M. Reaves
P.O. Box 44320
Phoenix, AZ 85064-4320
Chapter 7 Trustee

Lawrence D. Hirsch, Esq.
Parker Schwartz, PLLC
7310 N. 16th Street, #330
Phoenix, AZ 85020
lhirsch@psazlaw.com
Attorneys for Debtor

4

1 | Misty Weniger Weigle
Reaves Law Group
2 | 2999 N. 44th St., #600
Phoenix, AZ 85018
3 | mweigle@reaves-law.com

4

5 | Samanta Rivera