PARKER SCHWARTZ, PLLC
7310 NORTH 16TH STREET, SUITE 330
PHOENIX, ARIZONA 85020
PH: (602) 282-0477
FAX: (602) 282-0478
E-MAIL: LHIRSCH@PSAZLAW.COM

LAWRENCE D. HIRSCH (#004982)
ATTORNEYS FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>MALHORTA, NEERA S.,<br><br>           Debtor. | In Proceedings Under Chapter 7<br><br>Case No.: 2:16-bk-02608-DPC<br><br>RESPONSE TO THE TRUSTEE'S OBJECTIONS TO DEBTOR'S EXEMPTIONS AND RESPONSE TO CREDITOR CREIGHTON'S OBJECTION TO EXEMPTIOS |

    Debtor, Neera Malhotra, by and through counsel undersigned, herby responds to the Objections to Exemptions filed by both Trustee David Reaves and Creditor Creighton and requests that the Objections be over-ruled and the exemptions claimed be allowed.

    Debtor incorporates by reference the attached Memorandum of Points and Authorities.

    RESPECTFULLY SUBMITTED, this 24th day of May, 2016.

/s/ Lawrence D. Hirsch, Esq. #004982
Lawrence D. Hirsch, Esq. (#004982)
Attorney for Debtor

MEMORANDUM OF POINTS AND AUTHORITIES

Debtor is entitled to the exemptions claimed on her Schedules (Debtor will amend Schedule C to properly claim her entitlement to the pension exemption under 11 U.S.C. §523(b)(4) to correct the typographical error contained on the original exemption claim). The objections raised by Trustee Reaves and Creditor Creighton are incorrect as a matter of law and misstate the factual basis for the exemption claims.

Both Reaves and Creighton allege, without factual basis, that the Debtor has inaccurately listed her household goods and furniture and has inaccurately stated their value. Creighton inaccurately states that the valuation of the furnishings should be "replacement value" yet cites no authority that valuation for such items should be anything other than "fair market value". In any event, since the exemption value is capped by state law, any furnishings in excess of that value would not be exempt and Debtor makes no claim to any non-exempt value of allowed household items. Debtor is unsure as to whether either Creighton or Reaves has formulated a specific objection to that exemption claim, but does not wish to be deemed to have waived any rights to the exemptions claimed.

Clearly, the focus of both Reaves and Creighton's objections concern two distinct exemption issues-the pensions and the residence (while Creighton does not claim that the residence in which Debtor lives is estate property, she does join in the Trustee's

2

objection, which does include a claim to the residence). For a variety of reasons, both objections are meritless.

Reaves claims that Debtor failed to disclose a legal or equitable interest in the residence on Schedule A/B (item 1). Debtor does not believe that she has either a legal or equitable interest in the ownership of the property but rather has a possessory interest for a term of years pursuant to the QPRT which was established many years ago. Debtor disclosed that interest on Schedule B and, through counsel, met with the Trustee shortly after the filing of the Bankruptcy to provide the Trustee all relevant information regarding the QPRT. The QPRT is an irrevocable trust (see U.S. v Dimacale 2014 WL 888647 (D Ct. C.D. Ca 2014), and is not property of the Bankruptcy Estate. See in re Yerushalmi 487 B.R. 98 (Bkrtcy E.D. N.Y. 2012); in re Raymond 529 B.R. 455 (Bkrtcy D. Mass. 2015). There is no basis for this Court to find that the estate has any interest in the residence. Debtor's only interest is possessory for a period of years, pursuant to the terms of the QPRT, and cannot be assigned or transferred. The estate simply has no interest in the property.

Reaves and Creighton also object to Debtor's exemption claims to her pension funds. Neither has objected to the exemption claim under 11 U.S.C §522(b)(3), so the claims should simply be allowed pursuant to that statute. To the extent that the Court deems the objections filed include claims under that section, Debtor is still entitled to the claims made.

Debtor is entitled to claim her exemptions under applicable State Law in addition to federal law. There is no preemption under the Bankruptcy Code and Debtor is entitled to her pension exemptions as contained therein. Neither Creighton nor Reaves assert that there is a disqualification under State Law, merely that there has been preemption. Since there is no preemption, the exemption claim must be allowed.

3

See in re Pacheco 537 B.R. 935 (Bkrtcy D. Az. 2015). Since Arizona has removed the requirement of "qualification" from the pension exemption statute, it is not even necessary to determine if the plans in question are qualified. They are simply exempt under applicable state law. (See in re Richey, 2011 WL 4485900 (9TH Cir. BAP 2011).

Debtor is also entitled to her exemption claims under the Bankruptcy Code. Debtor asserts that the plan in question meet all federal requirements for the qualification of the plan and that there have been no disqualifying acts which have been caused by the Debtor. Neither Creighton nor Reaves have asserted that Debtor committed any act which would have disqualified the plan. At best, Creighton and Reaves assert "upon information and belief" (without evidence) that Debtor "was aware" of possible disqualifying acts. Since Creighton was Debtor's attorney at the time of the division of the pension in the divorce, she would have known if Debtor actually committed disqualifying acts and it would have been her duty to see that any mistakes were corrected. If there were acts that occurred, it is due to Creighton's negligence and the Estate would have a claim against her for her malpractice. However, since Debtor committed no such act there may not be a claim against Creighton.

It is the responsibility of both Reaves and Creighton to present evidence to this Court that the exemption claim is not valid due to the actions of Debtor. See in re Gilbraith, 523 B.R. 198 (Bkrtcy D. Az 2014); in re Sutton-Robinson, 472 B.R. 77 (Bkrtcy D. Az. 2012). Simple allegations "upon information and belief" are inadequate to satisfy the obligation to rebut the presumption to a claimed exemption is valid. Creighton was Debtor's attorney. Surely she would have specific information that she could have presented to this Court that Debtor committed some specific act that would disqualify the plan. Her silence on that issue is deafening. It is clear from the similarity in text between the objection of the Trustee and the objection of Creighton that they

Case 2:16-bk-02608-DPC    Doc 46    Filed 05/24/16    Entered 05/24/16 09:08:13    Desc
Main Document      Page 4 of 5

collaborated on the preparation of the objections or at least exchanged drafts and met to discuss the issues. Had Creighton possessed such information she would certainly have shared it with the Trustee. The lack of a presentation of a specific act of the Debtor in and of itself should require this Court to over-rule the objections without further need for hearing.

The objections should be over-ruled and Debtor's exemptions allowed as provided by applicable state and federal law.

RESPECTFULLY SUBMITTED this 24th day of May 2016,

*Parker Schwartz, PLLC*

/s/ Lawrence D. Hirsch, Esq. #004982
Lawrence D. Hirsch, Esq. (#004982)
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Attorney for Debtor(s)

A copy of the foregoing was mailed
this 24th day of May 2016, to:

Mailing Matrix

By: /s/ Tonia R. Duncan
Paralegal to Lawrence D. Hirsch, Esq.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Phone: 602-282-0473
Fax: 602-282-0478

5