SO ORDERED.

Dated: July 7, 2016

Daniel P. Collins, Chief Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>MALHOTRA, NEERA S.,<br><br>Debtor. | Chapter 7 Proceedings<br><br>Case No: 2:16-bk-02608-DPC<br><br>**UNDER ADVISEMENT RULING ON DEBTOR'S OBJECTION TO TRUSTEE'S APPOINTMENT OF SPECIAL COUNSEL** |

David M. Reaves, Chapter 7 trustee ("Trustee") of the bankruptcy estate of Neera Malhotra ("Debtor") applied for an order approving the employment of Nussbaum Gillis & Dinner, P.C. ("NGD") as special counsel in this matter in accordance with 11 USC § 327.[1] The Debtor objected due to NGD's concurrent representation of a creditor of the estate. This Court now approves Trustee's request to employ NGD as special counsel in this case.

## I. BACKGROUND

### A. Procedural History

Debtor filed her voluntary chapter 7 bankruptcy petition on March 16, 2016. Her amended schedules indicate she owes $563,830.67 in secured claims and $1,282,112.38 in unsecured claims to various creditors (Administrative Docket Numbers ("DE") 11, 31). One of the unsecured claims listed is a disputed claim owed to Grant, Creighton and Grant, PLC.

On April 22, 2016, Trustee filed an Application to Employ Reaves Law Group as the Trustee's general counsel in this matter (DE 26). Reaves Law Group, of which Trustee is the principal attorney, charges fees ranging from $125.00 to $425.00 per hour (DE 26). This Court granted Trustee's Application to Employ Reaves Law Group (DE 29).

[1] Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code ("Code"), 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

On June 2, 2016 Trustee filed an Application to Employ Special Counsel proposing employment of NGD (DE 47). Trustee filed a Verified Statement in Support of Application to Employ Special Counsel for Chapter 7 Trustee in which Randy Nussbaum made record of his connections to parties in this case and stated NGD's rates ranging from $165.00 to $495.00 per hour (DE 48). On June 13, 2016, Debtor filed an Objection to Trustee's Motion to Employ Special Counsel (DE 51). On June 20, 2016, Trustee filed a reply (DE 75). Oral argument was heard on June 23, 2016 (DE 79). Following the hearing, both parties filed additional briefing on waiver of attorney-client privileges (DE 78, 80). This Court took this matter under advisement on July 5, 2016.

**B. <u>Facts</u>**

Catherine Creighton ("Ms. Creighton"), a creditor in this case, is an attorney at Grant, Creighton and Grant, PLC (together with Ms. Creighton the "Creighton Firm"). The Creighton Firm claims it is owed $418,705.62 by the Debtor as a result of the Creighton Firm's former representation of the Debtor in state court divorce proceedings (DE 11). NGD represents the Creighton Firm in its claim against the Debtor.

Debtor holds an interest in pensions and/or IRA accounts valued at approximately $1 million, which she asserts are 100% exempt. Her home is also valued at approximately $1.9 million. She asserts that her one-half interest in the home was transferred to a "Qualified Personal Residence Trust" (QPRT) and is not property of the bankruptcy estate because she does not personally hold an interest in the home. Trustee objected to these claimed exemptions as did Creighton Firm (DE 35-37).

Trustee requested permission from the court to hire NGD as special counsel in this case "to pursue the estate's claim relating to the Debtor's pension plan and/or IRA accounts, the Debtor's interest in the home held by the QPRT, and claims related to other transfers of property by the Debtor to third parties." The Trustee highlighted NGD's extensive knowledge of the facts and legal issues in this case resulting from its representation of the Creighton Firm.

Case 2:16-bk-02608-DPC Doc 85 Filed 07/07/16 Entered 07/07/16 16:55:04 Desc Main Document Page 2 of 10

(DE 47, 48). The Creighton Firm has agreed to pay NGD's legal fees associated with their representation in this case, as the Trustee asserts that the estate lacks the funds to do so. (DE 47).

## II. JURISDICTION

This Court has jurisdiction to hear this matter under 28 U.S.C. §§ 157(b)(2)(A),(B) and 1334.

## III. ISSUE

Should the court approve NGD, a firm that has represented the Creighton Firm in this case, as Trustee's special counsel, despite the Creighton Firm's former representation of the Debtor?

## IV. LAW

11 U.S.C. § 327(a) states:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Section 327(a) sets forth a two-prong test for trustee's employment of a professional person. The first prong requires that the professional person not hold or represent an interest adverse to the estate. The second prong requires that the professional be a disinterested person.

A. <u>§ 327(a) Prong No. 1– No Interest Adverse to the Estate</u>

In *In re AFI Holding, Inc.* the 9th Circuit Court of Appeals determined the trustee lacked disinterestedness, warranting her removal and replacement. *In re AFI Holding, Inc.*, 530 F.3d 832 (9th Cir. 2008). The court held that the determination of "whether a party holds an interest that is materially adverse to bankruptcy estate, so as not to qualify as disinterested under the Bankruptcy Code, necessarily requires an objective and fact-driven inquiry based on full panoply or events and elements or totality of circumstances. . . " *Id.* Considering the totality of the circumstances, the court found the trustee's failure to disclose prior connections

with insiders in addition to an "appearance of impropriety" led to lack of confidence from the creditors and negatively impacted her ability to administer the estate. The trustee was removed. *Id.*

B. <u>§ 327(a) Prong No. 2– Disinterestedness</u>

Under 11 U.S.C. § 101(14), the term "disinterested person" means a person that–

> (A) is not a creditor, an equity security holder, or an insider;
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

In *In re Fondiller* the trustee sought to employ a law firm as special counsel "for the limited purpose of investigating and recovering certain assets allegedly concealed or transferred" by the debtor. *In re Fondiller*, 15 B.R. 890 (B.A.P. 9th Cir. 1981). The proposed firm had previously represented creditors in a case investigating the debtor's possible concealment of assets and fraudulent conveyances. The trustee wished to employ this firm to continue their already extensive investigations on these matters. Over an objection by the debtor, the court authorized the law firm's employment, finding it to be disinterested because the firm could not be categorized under any section of the definition of disinterestedness provided in § 101(14). *Id.*

The court in *Fondiller* also discussed the significance of the limited scope of special counsel as compared to the broad scope of general counsel. *Id.* "[The court] interpret[ed] that part of § 327(a) which reads that attorneys for the trustee may 'not hold or represent an interest adverse to the estate' to mean that the attorney must not represent an adverse interest relating to the services which are to be performed by that attorney." *Id.*

C. <u>11 U.S.C. § 327(c)</u>

§ 327(c) of the Code states:

> In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

D. Ethical Rules 1.7. Conflict of Interest: Current Clients

Under Arizona Rules of Professional Conduct (Arizona Supreme Court Rule 42), E.R. 1.7 states:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. A. R. S. Sup. Ct. Rules, Rule 42, Rules of Prof. Conduct, ER 1.7.

E. *In re Mandell*, 69 F.2d 830 (2d Cir. 1934)

*In re Mandell* has been cited for the proposition that, "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel, and the reasons which make it the best interest of the estate to have the court select the attorney over the trustee's objections should appear in the record." *In re Christ's Church of Golden Rule*, 157 F.2d 910 (9th Cir. 1946).

The purpose of the Code's restriction on the employment of professional persons is to prevent a conflict of interest resulting in loss of integrity of the bankruptcy courts. In the absence of a legitimate or material conflict of interest, "failure to approve the trustee's selection in the absence of good reason has been called an abuse of judicial discretion." 3 COLLIER ON BANKRUPTCY ¶ 327.04 (Alan W. Resnick & Harry J. Sommer eds., 16th ed.). Selection of professional persons, including attorneys, is left to the discretion of trustees, subject to judicial approval. *Id.*

. . .

. . .

## V. ANALYSIS

A. The Law Applied to the Facts in this Case.

The Trustee seeks to employ NGD to serve this estate as special counsel under § 327(a). This Court must apply the totality of the circumstances test described in *In re AFI Holding, Inc.* to determine whether NGD has an interest adverse to the estate under the first prong of § 327(a). Here, several factors merit consideration. Significantly, NGD, the creditors, and the estate have a common interest in the recovery of assets for the bankruptcy estate. This alignment of interests weakens the proposition that NGD's interests oppose those of the estate. Additionally, NGD is already aware of the details of this bankruptcy case and, together with Ms. Creighton, has extensive knowledge of the assets in question. Finally, NGD's employment is of limited scope, and, as discussed in *In re Fondiller*, the requirement of no adverse interest pertains only to the narrow scope of NGD's employment. The facts in the case at bar are further aligned with those in *Fondiller* because NGD has previously engaged in research and investigation related to this case because of its previous representation of the Creighton Firm. This prior knowledge is of benefit to the estate. The Court finds NGD does not have an interest adverse to the estate and therefore fulfills the first prong of § 327(a).

In regard to the second prong of § 327(a), the Court finds NGD is disinterested based on an application of the Code's definition of "disinterested person." As in *Fondiller*, NGD does not fit any category listed in the § 101(14) and NGD is therefore a disinterested person in this case. Both prongs required by § 327(a) are fulfilled.

Next, § 327(c) states that a professional person is not disqualified from employment solely because of such person's employment by or representation of a creditor, unless there is an objection by another creditor or the U.S. trustee and there is an actual conflict of interest. No objections to the Trustee's employment of NGD have been filed by any creditor or the United States Trustee. This Court finds NGD holds no conflict of interest with Debtor. Under

§ 327(c), NGD's previous representation of the Creighton Firm does not disqualify it from representing the estate against the Debtor.

Also considered here is ER 1.7, which disallows lawyer representation of a client "if the representation involves a concurrent conflict of interest." Here, the parties do not argue the existence of an actual conflict of interest. The Court is unaware of any other possible applicable ethical rule which might block NGD's representation of the Trustee. Should an ER 1.7 conflict of interest arise in the future, it will be addressed at that time.

B. Debtor's Objections

First, Debtor contends that Creighton may be required to provide testimony at some point during litigation which would create a conflict of interest due to Creighton's prior representation of the Debtor. If this issue should arise, Creighton's testimony will not disqualify NGD's representation because it would not impact NGD's interest in the estate.

Second, Debtor asserts a potential malpractice claim against the Creighton Firm in the event that she fails to protect Debtor's assets. If this should be the case, the potential claim may be barred by the applicable statute of limitations. If it is not barred by the statute of limitations, the claim would be property of the estate, not the Debtor. It would be up to the Trustee to decide whether or not to pursue the claim against the Creighton Firm. In any event, the Trustee has asserted on the record that he might abandon such claim.

Third, Debtor raised concerns about the Creighton Firm's willingness to pay for the litigation and about the expense of NGD's legal fees as compared to those of Reaves Law Group. Neither Creighton Firm's agreement to cover NGD's legal fees nor the difference in fee rates creates a conflict of interest. Neither concern leads to NGD's disqualification as special counsel.

The Debtor also cited two cases, *In re Crabtree*, 126 B.R. 540 (Bankr. S.D. Ohio 1991) and *In re DeVleig, Inc.*, 174 B.R. 497 (N.D. Ill 1994). Both cases concern the employment of a firm that had previously represented the debtor. Neither case is aligned with our facts. NGD

has never represented the Debtor. Neither case supports or necessitates the denial of Trustee's Application.

In *In re Crabtree*, an attorney had previously represented the debtor while practicing at a different firm. The attorney then moved to a new firm, which was representing a creditor against the debtor. The court dismissed the creditor's counsel entirely because of a perceived injustice relating to the relationship between the attorney and debtor. Here, there is no relationship between NGD and Debtor. Further, if NGD was not approved to serve as special counsel to the Trustee, NGD could (and probably would) continue to represent the Creighton Firm litigating the same issues to be pursued by the Trustee.

In *In re DeVleig*, the firm seeking approval to act as special counsel to the estate had previously represented the debtor. The trustee wanted to employ the firm because it was "fully familiar with the relevant facts and applicable law." The court found that the firm "had no connection to any party in interest and did not hold or represent an interest adverse to the estate" despite its representation of the debtor. The court permitted the employment. In the present case, NGD never represented the Debtor, but instead represents a creditor of the Debtor. The case at bar is distinguishable from *DeVleig*. Debtor's objections are hereby overruled.

## VI. CONCLUSION

The Court finds that NGD satisfies the Code's requirements to serve as special counsel to the Trustee for the purpose of pursuing claims held by the estate against the Debtor and her property claimed as exempt. In accordance with the totality of the circumstances analysis in *In re AFI Holding, Inc.*, NGD does not hold an adverse interest to the estate. Additionally, NGD is a disinterested person under the definition at § 101(14). Finally, NGD's representation of the Creighton Firm does not disqualify it from representing the estate under § 327(c). This Court hereby grants Trustee's Application to Employ NGD as special counsel in this case. All

client decisions that arise between NGD and Trustee are to be referred to and made by Trustee.

The Trustee is directed to lodge an order consistent with this Ruling.

So ordered.

**Signed and Dated Above**

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to:

**DAVID M. REAVES**
REAVES LAW GROUP
2999 N 44TH ST #600
PHOENIX, AZ 85018
602-241-0101
Fax : 602-241-0114
Email: dreaves@reaves-law.com

**LAWRENCE D. HIRSCH**
PARKER SCHWARTZ, PLLC
7310 N 16TH ST #330
PHOENIX, AZ 85020
602-282-0477
Fax : 602-282-0478
Email: lhirsch@psazlaw.com

**ELIZABETH C. AMOROSI**
OFFICE OF THE U.S. TRUSTEE
230 N. 1ST AVENUE, SUITE 204
PHOENIX, AZ 85003
602-682-2600
Fax : 602-514-7270

**RANDY NUSSBAUM**
NUSSBAUM GILLIS & DINNER, P.C.
14850 N SCOTTSDALE RD, SUITE 450
SCOTTSDALE, AZ 85254
Phone: (480) 609-0011
Fax: (480) 609-0016

**CATHERINE CREIGHTON**
GRANT CREIGHTON & GRANT
5050 N 40TH ST, SUITE 340
PHOENIX, AZ 85018
Phone: (480) 222-2500